AO 93C (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (USAO rev. 12/20)    ☐ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br><br>The premises located at 15935 Meadowside Street, La Puente, California, 91744-1654 (the "SUBJECT PREMISES"), as described in Attachment A | Case No. 2:21-mj-2443 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A*

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

*See Attachment B*

Such affidavit(s) or testimony are incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before <u>14 days from the date of its issuance</u> *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

You must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.</u>

Date and time issued: _____    _____
*Judge's signature*

City and state:    Los Angeles, CA        Hon. Margo A. Rocconi, US Magistrate Judge
*Printed name and title*

AUSA: Aaron Frumkin – 213-590-8180

AO 93C  (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: 2:21-mj-2443 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. |

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

AO 93C  (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

## ATTACHMENT A

### PREMISES TO BE SEARCHED

The SUBJECT PREMISES is located at 15935 Meadowside Street, La Puente, California 91744-1654.  The SUBJECT PREMISES is a one-story, single family residential structure with a cream-colored stucco exterior and gray shingle roof.  The front entry door of the residence faces South.  The premises has a detached garage structure with a light blue-colored exterior and gray shingle roof.  The front of the premises is bordered by a scalloped, block wall with red tiles lining the top of the wall.  Beyond the front wall is a mailbox bearing the numbers "15935" and the numbers "15935" are painted on the curbing just below the mailbox.  The warrant extends to the entirety of the SUBJECT PREMISES, including the residence, all rooms, attics, basements, garages, storage areas, safes, containers, trash areas, trash containers, and surrounding areas, and to all buildings, structures, vehicles, and appurtenances on the curtilage of the SUBJECT PREMISES.

**ATTACHMENT B**

**I.   ITEMS TO BE SEIZED**

1.   The items to be seized are evidence, contraband, fruits, or instrumentalities of violations of 18 U.S.C. § 371 (conspiracy), 18 U.S.C. § 1030(a)(2)(C) (computer fraud), and 18 U.S.C. § 1028A(a)(1) (aggravated identity theft), namely:

a.   Any and all records, notes, documents, and materials related to celebrities and individuals not obviously affiliated with the SUBJECT PREMISES, to include, but not limited to, Victim #1.  Such records include personally identifying information, such as date of birth and social security number; contact information, such as addresses, telephone numbers, email addresses, or online accounts; photographs in any format; and videos in any format.

b.   For the period from September 1, 2014, through the present, any and all records, documents, images, logs, programs, applications, and materials related to email and iCloud accounts accessed from the SUBJECT PREMISES.

c.   For the period from September 1, 2014, to the present, any and all records, documents, images, logs, programs, applications, and materials related to "phishing," password resetting, hacking of email, iCloud or other online accounts, or e-mail forwarding, including, but not limited to, access to the following accounts: davidchi205@gmail.com; applebackupicloud@gmail.com; and backupagenticloud@gmail.com.

d.   For the period from September 1, 2014, to the present, any and all records, documents, images, logs, programs,

i

applications, and materials related to the sharing, distribution, posting or selling of personally identifying information, contact information, photographs or videos of celebrities or other individuals not affiliated with the SUBJECT PREMISES.

  e. Any digital device used to facilitate the above listed violations (and forensic copies thereof).

  f. With respect to any digital device used to facilitate the above-listed violations or containing evidence falling within the scope of the foregoing categories of items to be seized:

   i. evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

   ii. evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   iii. evidence of the attachment of other devices; evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

   iv. evidence of the times the device was used;

    v.  passwords, encryption keys, and other access devices that may be necessary to access the device;

    vi.  applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

    vii.  records of or information about Internet Protocol addresses used by the device;

    viii.  records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

  2.  As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

  3.  As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including cent al processing units; desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices,

such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); and security devices.

## II. SEARCH PROCEDURE FOR DIGITAL DEVICES

4.  In searching digital devices or forensic copies thereof, law enforcement personnel executing this search warrant will employ the following procedure:

   a.  Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") will, in their discretion, either search the digital device(s) on-site or seize and transport the device(s) and/or forensic image(s) thereof to an appropriate law enforcement laboratory or similar facility to be searched at that location. The search team shall complete the search as soon as is practicable but not to exceed 120 days from the date of execution of the warrant. The government will not search the digital device(s) and/or forensic image(s) thereof beyond this 120-day period without obtaining an extension of time order from the Court.

   b.  The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

      i.  The search team may subject all of the data contained in each digital device capable of containing any of the items to be seized to the search protocols to determine whether the device and any data thereon falls within the list of items to be seized. The search team may also search for and

iv

attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the list of items to be seized.

      ii.    The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

    c.    The search team will not seize contraband or evidence relating to other crimes outside the scope of the items to be seized without first obtaining a further warrant to search for and seize such contraband or evidence.

    d.    If the search determines that a digital device does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the device and delete or destroy all forensic copies thereof.

    e.    If the search determines that a digital device does contain data falling within the list of items to be seized, the government may make and retain copies of such data and may access such data at any time.

    f.    If the search determines that a digital device is (1) itself an item to be seized and/or (2) contains data falling within the list of other items to be seized, the government may retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

    g.    The government may also retain a digital device if the government, prior to the end of the search period,

obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

      h.    After the completion of the search of the digital devices, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

    5.    The review of the electronic data obtained pursuant to this warrant may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

    6.    In order to search for data capable of being read or interpreted by a digital device, law enforcement personnel are authorized to seize the following items:

      a.    Any digital device capable of being used to commit, further, or store evidence of the Subject Offenses listed above;

      b.    Any equipment used to facilitate the transmission, creation, display, encoding, or storage of digital data;

    c. Any magnetic, electronic, or optical storage device capable of storing digital data;

    d. Any documentation, operating logs, or reference manuals regarding the operation of the digital device or software used in the digital device;

    e. Any applications, utility programs, compilers, interpreters, or other software used to facilitate direct or indirect communication with the digital device;

    f. Any physical keys, encryption devices, dongles, or similar physical items that are necessary to gain access to the digital device or data stored on the digital device; and

    g. Any passwords, password files, biometric keys, test keys, encryption codes, or other information necessary to access the digital device or data stored on the digital device.

  7. During the execution of this search warrant, law enforcement is permitted to: (1) depress the thumb and/or fingers of HAO KUO CHI onto the fingerprint sensor of the device (only when the device has such a sensor), and direct which specific finger(s) and/or thumb(s) shall be depressed; and (2) hold the device in front of HAO KUO CHI'S face with HAO KUO CHI's eyes open to activate the facial-, iris-, or retina-recognition feature, in order to gain access to the contents of any such device.

  8. The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not

apply to any search of digital devices pursuant to any other court order.